

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/22/08



THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

MICHAEL K. GERTZER
Assistant Corporation Counsel
E-mail: mgertzer@law.nyc.gov
Phone: (212) 788-0786
Fax: (212) 788-9776

# MEMO ENDORSED

May 21, 2008

*[handwritten: 5/22/08 Until June 30]*

**BY FACSIMILE (212) 805-6326**
The Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    5 Borough Pawn, LLC. v. City of New York, et al., 08 Civ. 03837 (CM)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing defendants City of New York, New York City Police Department and Commissioner of Police Raymond Kelly in the above-referenced matter. I write with respect to the above-referenced matter in which plaintiffs allege, *inter alia*, that their constitutional rights were violated by defendants. Defendants respectfully request an extension of its time to answer or otherwise respond to this complaint from May 30, 2008 until July 30, 2008. Plaintiffs would consent only to a two week extension to June 15, 2008. As shown below, two additional weeks would not be sufficient to conduct a full investigation of the allegations in the complaint.

      There are several reasons for seeking an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. Furthermore, it is our understanding that the records of the underlying criminal actions, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50. Therefore, this office is in the process of forwarding to plaintiffs for execution consents and authorizations for the release of sealed arrest and criminal prosecution records so that defendants can access the information, properly assess the case, and respond to this complaint.

Additionally, upon information and belief the named individual officer defendant Sgt. Ron Marti was served with the summons and complaint in this action.[1] This office has not discussed with this defendant the manner of service, and we make no representation herein as to the adequacy of process on him. Although this office does not currently represent Sgt. Marti in this action, and assuming he was properly served, this office respectfully requests that this extension be granted for him as well, in order that his defenses are not jeopardized while representational issues are being decided. Thus, the enlargement of time should also give this office time to determine, pursuant to Section 50-k of the New York General Municipal law, and based upon a review of the facts of the case, whether we may represent Sgt. Marti. *See Mercurio v. The City of New York, et al.*, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

No previous request for an extension has been made by defendants. Accordingly, we respectfully request that defendants City of New York, New York Police Department and Raymond Kellys' time to answer or otherwise respond to the complaint be extended to July 30, 2008.

Thank you for your consideration herein.

Respectfully submitted,

*[signature]*

Michael K. Gertzer
Assistant Corporation Counsel


Cc:    Via Facsimile- (212) 868-0013

Paul Solda, Esq.
350 Fifth Avenue, Suite 4400
New York, New York 10118

---

[1] Plaintiff's counsel has represented to me that Sgt. Marti had been served with the Complaint, although he advised me that he has not yet received an affidavit of service from the process server.

2