```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/3/08
```



**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MICHAEL K. GERTZER**
Assistant Corporation Counsel
E-mail: mgertzer@law.nyc.gov
Phone: (212) 788-0786
Fax: (212) 788-9776

# MEMO ENDORSED

7/1/08

*Put matter on suspense calendar until criminal case is over.*

June 24, 2008

**BY FACSIMILE (212) 805-6326**
The Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   5 Borough Pawn, LLC. v. City of New York, et al., 08 Civ. 03837 (CM)

Your Honor:

  I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing defendants City of New York, New York City Police Department and Commissioner of Police Raymond Kelly in the above-referenced matter. I write with respect to the above-referenced matter in which plaintiffs allege, *inter alia*, that their constitutional rights were violated by defendants. Specifically, I write to request a stay of this action, including defendants' time to file an answer and move to dismiss against the individual defendants under the doctrine of qualified immunity, pending the resolution of criminal charges still pending against the plaintiff upon which his claim for relief is based. On May 21, 2008 I previously requested an enlargement of time to file an answer to the complaint, which such deadline this Court extended to June 30, 2008. I have been unable to reach plaintiffs' counsel to ascertain plaintiffs' position on this request.

  Upon information and belief, plaintiffs operate a pawn shop. This case arises from plaintiff Brian Cabrera's arrest on January 23, 2008, after he allegedly refused to open his books for inspection by members of the NYPD pursuant to Article 18, Section 436 of the City Charter and Section 45 of the General Business Law.[1] Plaintiffs contend that this arrest was

---

[1] The criminal complaint alleges that Brian Cabrera violated section 436 of the General Business law. Defendants believe that the statute was mis-cited.

unlawful. Plaintiffs also, *inter alia*, seek declaratory judgment that Section 436 is unconstitutional.

During this Office's investigation of the allegations made by plaintiffs, defendants learned that the criminal charges against plaintiff Brian Cabrera remain pending in Queens Criminal Court, at part AP2.[2] The next return date for the criminal case is July 16, 2008. Simply put, so long as the criminal charges against Cabrera remains pending, this action must be stayed.

"It is well-settled that the Court may (and indeed should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings." *Estes-El v. Long Island Jewish Medical Center*, 916 F. Supp. 268, 269 (S.D.N.Y. 1995) (citing cases). *See also Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) (upholding district court's exercise of discretion in staying civil proceedings until resolution of parallel criminal proceedings against the defendant).

The issue of whether the plaintiff has a false arrest claim will be decided in the criminal case. Should Cabrera plead guilty, or if he is convicted, he cannot have a false arrest claim, because probable cause would be established.[3] *Cameron v. Fogarty*, 806 F.2d 380, 387 (2d. Cir. 1986)("a conviction of the plaintiff following the arrest is viewed as establishing the existence of probable cause")(*citing Broughton v. State*, 37 N.Y. 2d 451, 458 (1975)). But, should both the civil and criminal cases proceed simultaneously, it would raise the possibility of a nonsensical result, such as the plaintiff prevailing in the civil action on his false arrest claim, but then be convicted in the criminal. It should also be noted that the false arrest claim is heavily interwoven with the plaintiffs' constitutional challenge of §436. This constitutional issue may also be decided by the criminal court. A stay of the civil action, which harms no one, would eliminate any possibility of inconsistent dispositions.

Furthermore, pursuant to your Honor's Individual Practices, the defendants would move to dismiss Sgt. Marti and Police Commissioner Kelly from this action based on the doctrine of qualified immunity by June 30, 2008. The final determination of the criminal case would impact both the arguments made by defendants as well as this Court's decision. If

---

[2] The name of the Assistant District Attorney prosecuting the case is Matthew Sweet.

[3] Moreover, it is also in the plaintiffs' interest for this Court to impose a stay. Because the defendants will immediately move to dismiss the charges against Sgt. Marti and Raymond Kelly on the basis of qualified immunity, under your Honor's Individual Practices, the *only* discovery that can be had will be plaintiffs' depositions. Yet, because of the pending criminal proceedings, Cabrera would likely be inclined to refuse to answer questions based upon his Fifth Amendment rights. However, were he to do this, a jury could draw an adverse inference against him at the civil trial. "The non-criminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b) [or governing state law], expose the basis of the defense to the prosecution in advance of the criminal trial, or otherwise prejudice the case." *Certain Real Property*, 751 F. Supp. at 1062 (*quoting Brock v. Tolkow*, 109 F.R.D. 116, 119 (E.D.N.Y. 1985)).

Cabrera is convicted, Sgt. Marti and Commissioner Kelly would have an extremely powerful argument for qualified immunity. Thus, it makes sense to stay this action until the criminal proceedings are concluded.

Finally, a stay may well avoid duplication of effort because the criminal trial transcripts will be available before civil discovery begins, which should assist counsel in streamlining depositions and other discovery. *Volmar Distributors, Inc. v. New York Post Co.*, 152 F.R.D. 36, 41 (S.D.N.Y. 1993)(granting stay where "evidence presented at the criminal trial may obviate the need for document production and depositions, and would substantially reduce both plaintiffs' and defendants' litigation costs"); *Twenty-First Century Corp. v. LaBianca*, 807 F. Supp. 1007, 1011 (E.D.N.Y. 1992)("the stay in this action may streamline later civil discovery since transcripts from the criminal case will be available to the civil parties"); *Brock*, 109 F.R.D. at 120 ("resolution of the criminal case might reduce the scope of discovery in the civil case or otherwise simplify the issues"). Furthermore, the verdict in the criminal trial may resolve some or all of the issues raised in the civil suit, eliminating the need for trial of those issues. *See, e.g., Estes-El*, 916 F. Supp. at 269 (granting stay where resolution of the criminal charges may be dispositive of the plaintiff's civil rights claims).

Accordingly, defendants respectfully request that this action be stayed, including the defendants' obligation to file an answer and move to dismiss individual defendants based upon qualified immunity, pending a final disposition of the charges against Brian Cabrera.

Thank you for your consideration herein.

Respectfully submitted,

Michael K. Gertzer
Assistant Corporation Counsel

Cc: Via Facsimile- (212) 868-0013

Paul Solda, Esq.
350 Fifth Avenue, Suite 4400
New York, New York 10118

3